# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DEBORAH WATSON-HILL, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:16-CV-496(MTT) |
| MURPHY OIL USA, INC., *et al.*, | ) |
| Defendants. | ) |

# ORDER

Deborah Watson-Hill, the Plaintiff, alleges claims against Murphy Oil USA, Inc. and John Does 1-10 for injuries arising from a slip and fall at Murphy Oil's premises. Doc. 1-2. Murphy Oil now moves for summary judgment. Doc. 10. Because, as discussed below, there is no evidence that Murphy Oil had superior knowledge of the hazard that allegedly caused Watson-Hill's fall, Murphy Oil's motion (Doc. 10) is **GRANTED**, and Watson-Hill's claims are **DISMISSED with prejudice**.

## I. BACKGROUND[1]

The facts underlying this case are simple. On August 4, 2014, Watson-Hill visited Murphy Oil's gas station to purchase gasoline. Docs. 10-2 ¶ 1; 12-2 ¶ 1. Docs. 10-2 ¶ 1; 12-2 ¶ 1. As she was stepping onto the curb of the sidewalk outside the gas station, Watson-Hill slipped and fell. Docs. 10-2 ¶ 4; 12-2 ¶ 4. At her deposition, Watson-Hill testified that she did not see the substance that caused her to slip, but she

---

[1] Unless stated otherwise, the following facts are taken from the parties' statements of material facts and are undisputed.

also testified that an employee of the gas station, a "Ms. Driskell," told her that she slipped on oil. Docs. 10-2 ¶ 5; 12-2 at 2.

Watson-Hill brought suit against Murphy Oil in the State Court of Bibb County for negligence under Georgia state law, and Murphy Oil removed to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are completely diverse. Docs. 1 ¶¶ 6-10; 1-2 at 1, 17. Murphy Oil now moves for summary judgment, arguing that, as a matter of law, the undisputed facts "prove that Plaintiff cannot establish a breach of duty owed to her by Defendant." Doc. 10-1 at 3-4.

## II. DISCUSSION

A. **Summary Judgment Standard and Applicable Georgia Law**

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A material fact is any fact relevant or necessary to the outcome of the suit. *Id.* at 248. And a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Id.* (citation omitted).

The party moving for summary judgment bears the burden to show that there is no issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the burden shifts, and the non-movant must produce

evidence showing that an issue of material fact does exist. *Id.* at 324. The non-moving party must "go beyond the pleadings" and identify "specific facts showing a genuine issue for trial." *Id.*; Fed. R. Civ. P. 56(e)(2). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 249-50). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255 (citation omitted).

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. In order to prevail on a claim for negligence in a slip and fall case in Georgia, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of owner / occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748, 493 S.E.2d 403, 414 (1997). An owner / occupier has "constructive knowledge" of a hazard if a reasonable inspection of the premises would have shown the hazard. *Id.* at 740, 493 S.E.2d at 408-09.

**B.    Analysis of Murphy Oil's Motion**

In its motion for summary judgment, Murphy Oil argues that Watson-Hill does not know what caused her to slip and that the sidewalk curb, on which Watson-Hill may

have slipped, was "an open and obvious, static condition." Doc. 10-1 at 5-7. Watson-Hill responds that, while she did not originally see what she slipped on, a genuine issue of material fact exists because Murphy Oil's employee told Watson-Hill that she slipped on oil, not on the curb. Doc. 12-1 at 5-6.

After reviewing the parties' briefs and the transcript of Watson-Hill's deposition, the Court asked the parties to supplement their briefing to address "whether there is any evidence that the Defendant knew or should have known of the presence of the oil that the Plaintiff claims caused her to fall." Doc. 14. The Court noted that the question "is a very narrow issue and should not require more than two or three pages to address," and accordingly the Court "suggest[ed]" that the parties file their briefs by December 19 and concluded, "[i]f you encounter a problem, let me know." *Id.*

Murphy Oil supplemented its briefing on December 19, arguing that Watson-Hill "cannot establish that [Murphy Oil] had actual or constructive knowledge of any allegedly hazardous substance." Doc. 15 at 4. The Court agrees. No evidence on the record suggests that Murphy Oil had actual knowledge of the alleged hazard. As to constructive knowledge, Murphy Oil has pointed out the absence of any evidence in the record that a foreign substance was on the premises long enough to have been discovered by a reasonable inspection. Watson-Hill cites no evidence and makes no argument that a genuine dispute remains as to Murphy Oil's knowledge of the hazardous substance. *See Celotex Corp.*, 477 U.S. at 324. Indeed, Watson-Hill failed to address the issue altogether. The Court's review of the record confirms there is no evidence that Murphy Oil had actual or constructive knowledge of the substance that allegedly caused Watson-Hill's fall. Without evidence that Murphy Oil had actual or

constructive knowledge of a hazard, Watson-Hill's claims fail as a matter of law, regardless of whether Watson-Hill's testimony that an employee told her she slipped in oil creates an issue of material fact as to whether she actually did slip in oil.

### III. CONCLUSION

For the reasons discussed above, Murphy Oil's motion (Doc. 10) is **GRANTED**. Watson-Hill's claims are accordingly **DISMISSED with prejudice**.

**SO ORDERED**, this 12th day of January, 2018.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT